# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

SAMUEL E. TOOTLE, II                                                              PLAINTIFF

v.                                                          CIVIL ACTION NO. 1:17cv154-LG-RHW

ANTHONY DAWSON, *et al.*                                                         DEFENDANTS

## ORDER DENYING MOTION FOR
## ENTRY OF DEFAULT FINAL JUDGMENT

BEFORE THE COURT is the [4] Motion for Entry of Default Final Judgment filed by Plaintiff Samuel E. Tootle pursuant to Federal Rule of Civil Procedure 55. Plaintiff Tootle, who is proceeding *pro se*, requests that the Court enter a default judgment against Defendants. Because Plaintiff has failed to properly serve Defendants, the Court will deny his Motion, and, further, will order Plaintiff to serve Defendants by September 7, 2017.

Plaintiff filed a Complaint against multiple Defendants on May 22, 2017. Plaintiff represents that Defendants are all employees of the Gulf Coast Veterans Health Care System ("the VA") in Biloxi, Mississippi. (*See* Compl. 3-4 (¶¶ 11-16)). He further states that "[a]t all times herein, the individual defendants acted for an[d] on behalf of the [VA] and in their own capacitys [*sic*] . . . ." (*Id.* at 4-5 (¶17); *see also id.* at 2 (¶3)). He has attempted to state claims pursuant to 42 U.S.C. § 1983 and requests monetary damages, injunctive relief, and declaratory relief against Defendants.

On June 13, 2017, Plaintiff filed Proofs of Service with the Court. (*See* Proofs of Service, ECF No. 3). The Proofs of Service reflect that Plaintiff served

Defendants via certified mail, return receipt requested, at their work address at the VA, and by no other means. In his Motion, Plaintiff also represents that he served Defendants via certified mail "at their place of employment . . . ." (Mot. 1 (¶2), ECF No. 4) (*see also* Affidavit, ECF No. 4-2). He argues that Defendants have "failed to plead or otherwise defend this action, and that [he] is entitled to judgment by default . . . ." (Mot. 2 (¶4)).

Federal Rule of Civil Procedure 4, governing service of process, does not itself authorize service by certified mail on individuals such as Defendants. *See* Fed. R. Civ. P. 4(e). The Rule does permit service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . . ." *Id.* "However, under Mississippi law, service by certified mail is not permitted upon an in-state defendant" such as each Defendant here. *See Darnell v. Jimenez*, No. 1:16cv30-HSO-JCG, 2017 WL 2634365, at *3 (S.D. Miss. June 19, 2017) (citing Miss. R. Civ. P. 4(c) and *Triple C. Transp., Inc. v. Dickens*, 870 So. 2d 1195, 1198 (Miss. 2004)); *Shorty v. Sparkman*, No. 5:12-cv-114(DCB)(MTP), 2013 WL 4773943, at *2 (S.D. Miss. Sept. 4, 2013). Additionally, Plaintiff has not complied with Federal Rule of Civil Procedure 4(i) regarding service on government employees. *See, e.g.*, *Johnson v. Shinseki*, No. 3:14CV304-DPJ-FKB, 2014 WL 5363781, at *2-3 (S.D. Miss. Oct. 21, 2014).

Moreover, Rule 4(c)(2) states that "[a]ny person who is at least 18 years old

**and not a party** may serve a summons and complaint." (emphasis added). The Fifth Circuit has recognized that there is no mailing exception to the nonparty requirement for service. *See Shabazz v. City of Houston*, 515 F. App'x 263, 264 (5th Cir. 2013). Therefore, Rule 4(c)(2)'s prohibition of service by parties to a lawsuit applies even where a plaintiff attempts service by mail, and Plaintiff's service on Defendants is also deficient in this respect. *See, e.g.*, *Finkley v. Shulkin*, No. 1:16CV290-LG-RHW, 2017 WL 1380468, at *1 (S.D. Miss. Apr. 11, 2017). Plaintiff cannot be both a party and a process server.

The Court may deny a motion for default judgment where the plaintiff has not properly served a defendant. *See Thompson v. Dir. Tex. Dep't of Criminal Justice*, 291 F. App'x 581, 581-82 (5th Cir. 2008); *Arceneaux v. Davidson*, 325 F. Supp. 2d 742, 744 (S.D. Miss. 2004) ("The law is clear . . . that unless there has been valid service of process a default judgment may not be entered."). Indeed, any default judgment entered under these circumstances would be void. *See, e.g.*, *Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 940 (5th Cir. 1999). Accordingly, taking into account the service issues outlined above, the Court will deny Plaintiff's request to enter a default judgment against Defendants.

Finally, the 90-day deadline for Plaintiff to properly serve Defendants under Rule 4(m) is quickly approaching. Therefore, the Court will grant Plaintiff additional time to properly serve Defendants. Plaintiff must properly serve Defendants and must file the proper proofs of service with the Clerk of Court, all in

the manner required by Rule 4, no later than September 7, 2017.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [4] Motion for Entry of Default Final Judgment is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff must properly serve Defendants and must file the proper proofs of service with the Clerk of Court, all in accordance with Federal Rule of Civil Procedure 4, no later than September 7, 2017.  **Plaintiff is warned that should he fail to properly serve any Defendant or fail to file a proper proof of service in the record as to any Defendant by September 7, that Defendant will be dismissed without prejudice and without further notice to Plaintiff pursuant to Federal Rule of Civil Procedure 4(m).**

**SO ORDERED AND ADJUDGED** this the 4th day of August, 2017.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE