# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**SAMUEL E. TOOTLE, II**                                                                          **PLAINTIFF**

**v.**                                                     **CIVIL ACTION NO. 1:17cv154-LG-RHW**

**ANTHONY DAWSON,** *et al.*                                                    **DEFENDANTS**

## <u>ORDER OF DISMISSAL</u>

This matter is before the Court sua sponte for case management purposes pursuant to Federal Rule of Civil Procedure 4(m) and due to Plaintiff Samuel E. Tootle, II's failure to comply with the Court's Order to properly serve Defendants. After due consideration of the record and relevant legal authority, the Court finds that Tootle's claims against all Defendants should be dismissed without prejudice.

## I. BACKGROUND

Tootle filed a Complaint against multiple Defendants on May 22, 2017. He alleges that Defendants are all employees of the Gulf Coast Veterans Health Care System ("the VA") in Biloxi, Mississippi. (*See* Compl. 3-4 (¶¶ 11-16)). He further states that "[a]t all times herein, the individual defendants acted for an[d] on behalf of the [VA] and in their own capacitys [*sic*] . . . ." (*Id.* at 4-5 (¶17); *see also id.* at 2 (¶3)). He has attempted to state claims pursuant to 42 U.S.C. § 1983 and requests monetary damages, injunctive relief, and declaratory relief against Defendants.

On June 13, 2017, Tootle filed Proofs of Service with the Court. (*See* Proofs of Service, ECF No. 3). The Proofs of Service reflected that Tootle served Defendants via certified mail, return receipt requested, at their work address at the VA in

Biloxi, and by no other means. In denying Tootle's motion for default judgment, the Court advised him that 1) Mississippi law did not allow service by certified mail upon an in-state defendant such as each Defendant here; 2) he had not complied with Federal Rule of Civil Procedure 4(i) regarding service on government employees; and 3) as the plaintiff he could not also be the process server. (*See* Order Denying Motion for Entry of Default Final Judgment, ECF No. 6). The Court granted Tootle thirty days to correct these deficiencies and properly serve the defendants as required by Mississippi law and the Federal Rules of Civil Procedure. The Court also advised Tootle that his case would be dismissed if he failed to properly serve the defendants.

> Plaintiff is warned that should he fail to properly serve any Defendant or fail to file a proper proof of service in the record as to any Defendant by September 7, that Defendant will be dismissed without prejudice and without further notice to Plaintiff pursuant to Federal Rule of Civil Procedure 4(m).

(*Id.* at 4).

On August 21, 2017, Tootle filed Proofs of Service showing that he once again served the individual Mississippi resident defendants with process by certified mail, mailed by himself. (*See* Proofs of Service, ECF Nos. 9-12). Tootle did also serve the United States Attorney General as required by Federal Rule of Civil Procedure 4(i) regarding service on government employees, but improperly mailed the complaint and summons himself. (*See* Proof of Service, ECF No. 12).

## II. DISCUSSION

Federal Rule of Civil Procedure 4(m) provides in relevant part that

2

> [i]f a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

"Proof of good cause requires at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (quotation omitted). Tootle was advised of the specific deficiencies of his method of service and given ample opportunity to remedy them, but he simply failed to do so. Tootle has not shown good cause for his failure and has not demonstrated that there is any basis for granting an additional discretionary extension of time. The Court will dismiss Tootle's claims against Defendants without prejudice pursuant to Rule 4(m).

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiff's claims against all Defendants in this case are **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 11th day of September, 2017.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE